# FORM A

CIVIL RIGHTS COMPLAINT TO BE USED BY A PRO SE PRISONER
UNDER 42 U.S.C. § 1983

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY

Michael Ray DeSpain
(Full name of the plaintiff(s) in this action)

V.

CIVIL ACTION NO. 3:14CV-602
(To be supplied the clerk)

City of Louisville
CHIEF OF POLICE STEVEN CONRAD
Lt.Kit Stemile Supervisor of
Louisville Metro Police Department
Viper Squad. Chad Stewart, M. Nobles
A. Browning, D.Hyche, D.Henzley,
T.McKnight, J.Mattingly, T.James,
J.Casse, J.Judah.
Lt.Ryan C.Bates Superviser/Commander,
SWAT (25) Unknown SWAT Team agent's et.al.
TRIAL
(Full name of Defendant(s) in this action)

(XX) DEMAND FOR JURY

( ) NO JURY TRIAL DEMAND
(Check only one)

I. **Parties**

(A) **Plaintiff(s).** Place the full name of the plaintiff in the first blank below, his/her place of confinement, address, and status. Repeat this procedure for each additional plaintiff named, if any.

(1) name of plaintiff: Michael Ray DeSpain

Place of confinement: Kentucky State Reformatory

Address: 3001 West Highway 146 LaGrange Kentucky 40032

Status of plaintiff: CONVICTED (__) PRETRIAL DETAINEE (XX)

Address: _____

Status of Plaintiff: CONVICTED (___) PRETRIAL DETAINEE (___)

(3) Name of Plaintiff: _____

Place of Confinement: _____

Address: _____

Status of Plaintiff: CONVICTED (___) PRETRIAL DETAINEE (___)

**(B) Defendant(s).** Place the full name of the Defendant in the first blank below, his/her official position title in the second blank, and his/her place of employment in the third blank. Mark the capacity in which the Defendant is being sued. Repeat this procedure for each additional Defendant named, if any. City of Louisville et.al

(1) Defendant LOUISVILLE METRO POLICE AND AGENTS is employed as POLICE OFFICERS at LOUISVILLE METRO POLICE DEPARTMENT

The Defendant is being sued in his/her (xx) individual and/or (xx) official capacity.

(2) Defendant _____ is employed as _____ at _____.

The Defendant is being sued in his/her (___) individual and/or (___) official capacity.

(3) Defendant _____ is employed as _____ at _____.

The Defendant is being sued in his/her (___) individual and/or (___) official capacity.

(4) Defendant _____ is employed as _____ at _____.

The Defendant is being sued in his/her (___) individual and/or (___) official capacity.

2

    (5) Defendant _____ is employed as _____ at _____.

The Defendant is being sued in his/her (__) individual and/or (__) official capacity.

**II.   PREVIOUS LAWSUITS**

    (A) Have you begun other lawsuits in State or Federal court dealing with the <u>same facts</u> involved in this action? YES (__) NO ( xx )

    (B) If your answer to "A" is YES, describe the lawsuit in the spaces below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper, using the same outline.

    Parties to the previous lawsuit:

        Plaintiff(s): _____

        _____

        Defendant(s): _____

        _____

    Court (if federal court, name the district. If state court, name the county):

    _____

    Docket number: _____

    Name of judge to whom the case was assigned: _____

    Type of case (for example, habeas corpus or civil rights action): _____

    Disposition (for example, Was the case dismissed? Is it still pending? Is it on appeal?):
_____

    Approximate date of filing lawsuit: _____

    Approximate date of disposition: _____

## I JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C Section 1983 redress of deprivation, under color of state law, of rights secured by the constitution of the United States. The court has jurisdiction under 28 U.S.C. section 1331 and 1343 (a) (3). Plaintiff here seeks declaratory relief pursuant to 28 U.S.C Section 2201and 2202. Plaintiff here claims for injunctive relief are authorized by 28 U.S.C section 2283 and 2284 and rule 65 of the Federal Rules of Civil procedure.

2. The western District of Kentucky is an appropriate venue under 28 U.S.C. section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

## II PLAINTIFFS

3. Up until 09-18-2013 Plaintiff Michael Ray DeSpain is and was at all times mentioned residing at 803 Flicker Rd Louisville Ky 40214. He is currently confined in Kentucky State Reformatory, in Lagrange KY.

## III DEFENDANTS

4. City of Louisville; on 09-18-2013 had a duty and legally responsible for the operations, up-keep and proper training for the employees of Louisville Metro Police Department, and to prevent civil rights from being violated. Also to assure the welfare and safety of citizens within the Metropolitan area.

5. Chief of Police Steve Conrad on 09-18-2013 was Chief of Police and had a duty and legally responsible for the operations and proper training for the employees of the LMPD and to prevent civil rights from being violated. Also to assure the welfare and safety of the citizens within the metropolitan area.

6. Defendant Lt Kit Steimle; on 09-18-2013 was commander/supervisor had a duty and legally responsible for proper Organization and training to prevent civil rights from being violated by the LMPD Viper Squad unit, and is legally responsible for all operations handled by the Viper Squad, to secure the welfare and safety of the citizens within the metropolitan area.

7. Defendant DET. Chad Stewart; on 09-18-2013 was assigned assessor and lead detective for plaintiffs residence at 803 Flicker Rd Louisville Ky 40214. He had a duty and was legally responsible for the complete operations, supervision of Viper Squad, and SWAT Team; this is including the conduct of those under his supervision.

8. Defendant Ryan C. Bates on 09-18-2013 was the Unit Supervisor/Commander of the LMPD SWAT Team had a duty and legally responsible for all operations, commands and equipment along with the proper training to prevent civil right violations.

## FACTS

1. On 09-18-2013 Chad Stewart et.al. and twenty-five (25) unknown SWAT team officers came to the plaintiffs' home and executed a search warrant they claim was from Hon Mitch Perry, for 803 Flicker Rd Louisville Ky 40214.

2.     On 09-18-2013, at approximately 4:30 pm, plaintiff was in his wife's home at 803 Flicker rd when the front windows crashed and two flash grenades exploded near plaintiffs face and back and set furniture on fire and defendants intentionally tear sofa cushions as they toss them threw the window.

3. Defendants Chad Stewart et.al. intentionally knock out windows from the inside with their guns after plaintiffs already in custody, then come back and knock out window casings from the mortar.

4. At no time did Chad Stewart et.al. ever attempt to knock or announce his presence before knocking out windows.

5. Plaintiff sat on sofa after flash bangs with hands up guarding his face. Plaintiff was blinded and stunned when one member of the twenty-five (25) unknown SWAT team defendants ran up and kicked plaintiff twice in the chest

6.     Plaintiff was removed from the sofa and thrown into the floor; plaintiff was kicked, stomped and fisted numerous times by two (2) SWAT team members. Plaintiff was then dragged out onto the front porch and kicked, stomped and fisted numerous times by Four (4) SWAT team members. One of the SWAT team members held onto the porch column to gain balance as he continued to stomp plaintiff. Plaintiff remembers being woke up from unconsciousness, then tazed and beat more while still on front porch.

7. Plaintiff was then dragged out into front yard and placed in a sitting position. Plaintiff was denied E.M.S.medical treatment other than removing tazer darts from his back and given neck brace.
 Plaintiff was transported to jail, but was only there for 13 days and then transported to K.S.R. for medical do to his medical condition. Plaintiff previously had three major neck surgeries with (plate, screws, cables and spacers) inserted.

8. Plaintiff continues to have excruciating pain and suffering since the 09-18-2013 violent attack plaintiff had to endure.

9. Plaintiff is currently being treated for severe P.T.S.D. posttraumatic stress disorder and insomnia due to the severity of the attack on plaintiff.

10. Plaintiff noticed that Det Chad Stewart has added words to his investigation report after he completed his search and seizure.

11. On 03-31-2014 After receiving discovery plaintiff learned that the Revo digital home security recorder has been tampered with after viewing the invasion plaintiff remembers a lot of the beating that is not being shown.

## LEGAL CLAIMS

12. On 09-18-2013 approx 4:45 pm Plaintiff was placed in front yard, Defendants Chad Stewart et.al was ask to view the search warrant, Det. Stewart stated we don't need a search warrant we are the viper squad. failing to have a search warrant throwed a red flag, search warrant was later found at residence along with an item seized report. On 03-31-2014 plaintiff received discovery and now has possession of two search warrants, not a copy, both having same date and time but, total different judicial signatures, clearly indicates the first search warrant was drafted after being ask to view or, during search and seizure, back dated with time and date judicial signature signed. Second search warrant and affidavit later drafted backdated with time and date along with signing judicial signature placed in plaintiff's discovery for prosecuting purposes. Plaintiff claims the search and seizure took place before an affidavit or search warrant was ever signed by a judicial officer in violation of plaintiffs 4th 13th and 14th of the United States Constitution and Section 10, 27 and 28 of the Kentucky Constitution

13. On 09-18-2013 Defendants Chad Stewart et.al. knock out windows and throw two flash grenades into window setting living room furniture of fire and tearing sofa cushions as there thrown threw the window, once plaintiffs in custody they intentionally knock-out windows from the inside with their guns, come back and knock-out window casings from the mortar causing excessive property damage in violation of plaintiffs 4th, 13th and 14th of the United States Constitution and Section 10, 27 and 28 of the Kentucky constitution

14. On 09-18-2013 at approx 4:30 pm at no time did defendants Chad Stewart ever attempt to knock or announce their presents of entry nor have a no-knock warrant, there was never any exigent circumstances present in violation of plaintiffs 4th 13th and 14th amendments to the United States Constitution and Section 10, 27 and 28 of the Kentucky Constitution.

15. DVD shows. Plaintiff sitting on sofa after flash bangs with hands up guarding his face. Plaintiff was blinded and stunned when one of the twenty-five (25) unknown SWAT team defendants ran up and kicked plaintiff twice in the chest. Plaintiff at no time ever resisted, was then removed from the sofa and thrown into the floor; plaintiff was kicked, stomped and fisted numerous times by two (2) unknown SWAT team members. Plaintiff was then dragged out onto the front porch and kicked, stomped and fisted numerous times by Four (4) SWAT team defendants. DVD shows one SWAT team member holding onto the porch column to gain balance as he continued to stomp plaintiff. Plaintiff remembers being woke up from unconsciousness, then tazed and beat more while still on front porch. DVD shows **none** of defendants in this civil complaint never attempted to step-in and stop the repeated striking or intervene to stop fellow officers from using the excessive force/police brutality, but stood and watched as other officers try to block camera from recording the vicious assault, plaintiff is then dragged out into front yard and placed in a

sitting position, in violation of plaintiffs 4th 8th 13th and 14th of the United States Constitution. And section 10, 17, 27 and 28 of the Kentucky Constitution.

16. On 03-31-2014 plaintiff received discovery packet and learned that Chad Stewart and defendants have opened home security system unit that was seized and intentionally tampered with the units physical data storage by using the units editing functionality or video editor software to alter video preventing the physical evidence from being used against them in this court. Plaintiff remembers some of the severity of the beating that is not being shown with the recorder defendants has intentionally destroyed physical evidence, in doing so violated plaintiff's civil rights UNDER THE 4TH 13TH AND 14TH amendment of the United States Constitution.

17. On 09-18-2013 Chad Stewart added words to his investigative report after the search and seizure was completed to justify probable cause once learning informant falsified information in affidavit and **illegal narcotics, prescription pills or several stolen defaced firearms** were never found. Affidavit also states that informant observed these items within the last 48 hours of 09-18-2013 which plaintiff can prove this is falsified information, which was added into the affidavit. Det. Chad Stewart added words to report "plaintiff was trafficking in marijuana" also added "plaintiff has a grow operation in his residence" this was never in affidavit or search warrant but added language after search and seizure had been completed to justify the excessive damages that was done to residence and the plaintiff. Falsifying documents and causing excessive property damage all in violation of plaintiffs 4th 8th 13th and 14th of the United States Constitution and Section 10, 27 and 28 of the Kentucky constitution.

18. On 09-18-2013 Defendants Chad Stewart et.al. refused all EMS medical treatment other than tazer darts being removed from plaintiffs back. Plaintiff has had X-rays since 09-18-2013 that calls for further studies with M.R.I or CT scan but due to monetary constraints of D.O.C. plaintiff has been placed in wheel chair in order to prevent paying for any further studies. Please note Plaintiff has had three (3) previous neck surgeries with (plate, screws cables and spacers) inserted he feels have been stomped loose and plaintiff continues to experience excruciating pain is continuing to cause ongoing problems. These officers have deliberately caused severe spinal cord damage; also the excessive force has compromised plaintiffs' previous surgeries and aggravated old injuries. Plaintiff is currently being treated for severe P.T.S.D posttraumatic stress disorder and insomnia due to the severity of the actions taken by Chad Stewart et.al. in violation of plaintiffs civil rights. Plaintiffs medical records state still had severe bruises to both sides of lower back twenty days later, but continue being denied all medical treatment in violation of plaintiffs 4th 8th 13th and 14th amendments of the United States Constitution and Section 1, 2, 3, 10, 11, 17, of the Kentucky Constitution.

Respectfully Submitted,

*Michael Ray DeSpain*
Michael Ray DeSpain pro se

7

## IV. RELIEF

State exactly what you want the Court to do for you. (If you seek relief which affects the fact or duration of your imprisonment (for example: release from illegal detention, restoration of good time, expungement of records, release on parole), you must also file your claim under 28 U.S.C. §§ 2241, 2254 or 2255.) The Plaintiff(s) want(s) the Court to:

__X__ award money damages in the amount of $ __3,700,000__

____ grant injunctive relief by_____

__X__ award punitive damages in the amount of $ __Determined by Jury__

____ other: _____

## V. DECLARATION UNDER PENALTY OF PERJURY
(each Plaintiff must sign for him/herself)

I, the undersigned, declare under penalty of perjury that the information contained in this document is true and correct.

This __28__ day of __August__, 20__14__.

_Michael DeSpain_
(Signature of Plaintiff)

_____
(Signature of additional Plaintiff)

_____
(Signature of additional Plaintiff)

I hereby certify that a copy of this complaint was delivered to the prisoner mail system for mailing on __08-28-2014__.

_Michael R. DeSpain_
(Signature)