**FILED**
JAMES J. VILT, CLERK

JAN - 6 2021

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISON
CIVIL ACTION NO. 3:14-CV-00602-CHB-RSE

MICHAEL RAY DESPAIN                                     PLAINTIFF

Vs.        MOTION MOVING FOR SANCTIONS UNDER RULE 11

LOUISVILLE METRO GOV.                                   DEFENDANTS

\*\*\*\*\*          \*\*\*\*\*          \*\*\*\*\*          \*\*\*\*\*

Comes now the Plaintiff Michael Ray DeSpain, acting pro se and respectfully moves this Court for a Motion for Sanctions Under Rule 11, for the following reasons setforth;

1. Defendants response in opposition to plaintiffs Motion to Supplement, Counsel has intentionally entered into the record a falsified document into this Civil Litigation. Claiming in paragraph three (3), " The jefferson County Attorney Civil Didvison is not the custodian of records of the plaintiffs search warrant and affidavit. Therefore, a response was provided to DeSpain advising him that his Open Records Request was sent to the wrong party. (See Exhibit 3, copy of Response to Open Records Request without attachments). This Legal Document the plaintiff has **never seen, nor been** provided with this document until this document was filed with this Honorable Court.

This was plaintiffs claim during the defendants outburst in regards to the telephonic phone call held by this Honorable Court on December 18, 2020 at 10:00am. Plaintiff attaches Ex-1, this is the defendants Open Records Response that was sent to the plaintiff. Showing, that paragraph (2) and paragraph (3) was intentionally removed by defendants Counsel, and One (1) and a half pages of additional language was added before being sent to this Honorable Court. The paragraphs that were intentionally removed states; Initially, the jefferson County Attorney is not the official custodian of the records you seek. Those records should reside in your criminal court file at the Jefferson Circuit Court. Moreover, you and your Lawers have apparently already received those records since they seem to

have been fully litigated up to the Kentucky Supreme Court. It appears that after Counsel provided this information, he found that the records plaintiff was seeking (copy of affidavit/search warrant dated 09-17-2013) does not exist. So, Counsel took it upon himself to add one and a half pages now claiming plaintiff is exempt from inspection/excluded from the application of KRS 61.870 to 61.884 and shall be subject to inspection **only** upon Order of a Court. Defendants document 134 Exhibit 3, was filed on 12/8/2020. On 12/9/2020 plaintiff received an Open Records Response from the Louisville Metro Police Department, Open Records Division, Claiming; LMPD is not in possession of a September 17, 2013 Affidavit/Search Warrant in response to your request. (See Exhibit 2).

    The plaintiff finds the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and the denials of factual contention are warranted on the evidence, causing unnecessary delay in this Civil Action, by claiming inspection can only be obtained upon Order of a Court, when having the knowledge that these legal documents in-fact does not exist, which is in clear violation of Rule 11.

    Plaintiff respectfully requests this Honorable Court to grant the plaintiffs Motion, and Order Defendants Counsel to remove the falsified document, and to add the correct document that the defendants counsel is referring to. As it stands, the plaintiff is unable to reference from this document.

Respectfully Submitted,

*Michael R. DeSpain*
Michael R. DeSpain
pro se

### CERTIFICATE OF SERVICE

It is hereby certified that a copy of the aforementioned Motion was mailed postage pre-paid to the Clerk of the Court, and to; John F. Carroll, Ass. Jefferson County Attorney, 200 S.Fifth St. Suite 300N Louisville Kentucky 40202, on this 4th day of January 2021.

*Michael R. DeSpain*
Michael R. DeSpain
pro se

(2)



# MIKE O'CONNELL
## JEFFERSON COUNTY ATTORNEY

First Trust Centre
200 S. Fifth Street, Suite 300N
Louisville, KY 40202

(502) 574-6333
Fax (502) 574-5573

Ingrid Geiser
First Assistant

October 29, 2020

Michael DeSpain
085419
Luther Luckett Correctional Complex
1612 Dawkins Road
LaGrange, KY 40031

Michael DeSpain
Luther Luckett Correctional Complex
P.O. Box 6
LaGrange, KY 40031

### *In re: Open Records Request: Michael R. DeSpain*

Dear Mr. DeSpain:

I am responding to your open records request that was received by the Jefferson County Attorney's Office on October 20, 2020. You have requested a copy of the affidavit and search warrant pertaining to your residence on September 17, 2013 at 803 Flicker Road, Louisville, KY 40214. You claim you have not received these items before. This is not correct.

Initially, the Jefferson County Attorney is not the official custodian of the records you seek. Those records should reside in your criminal court file at the Jefferson Circuit Court.

Moreover, you and your lawyers have apparently already received those records since they seem to have been fully litigated up to the Kentucky Supreme Court. As you know, you were indicted and convicted in *Commonwealth v DeSpain*, Jefferson Circuit Court Case No. 14-CR-501, where you were represented by legal counsel. The Kentucky Supreme Court affirmed your conviction and sentences in *DeSpain v Commonwealth*, Case No. 2018-SC-000198-MR (2019 WL

6972897). Your convictions are final. I have enclosed a copy of the opinion to refresh your recollection.

As you also know, there is currently a stay of discovery in your federal civil case against various Louisville Metro Government police officers, Civil Action No. 3:14-CV-602 (W.D. Ky.). It is also improper to try to obtain through an open records request what is not available through civil discovery. KRS 61.878(1); 06-ORD-137.

Sincerely,

John F. Carroll
Assistant Jefferson County Attorney

JFC/mmk
Encl.



# MIKE O'CONNELL
## JEFFERSON COUNTY ATTORNEY

First Trust Centre
200 S. Fifth Street, Suite 300N
Louisville, KY 40202

(502) 574-6333
Fax (502) 574-5573

Ingrid Geiser
First Assistant

October 29, 2020

Michael DeSpain
085419
Luther Luckett Correctional Complex
1612 Dawkins Road
LaGrange, KY 40031

Michael DeSpain
Luther Luckett Correctional Complex
P.O. Box 6
LaGrange, KY 40031

### In re: Open Records Request: *Michael R. DeSpain*

Dear Mr. DeSpain:

I am responding to your open records request that was received by the Jefferson County Attorney's Office on October 20, 2020. You have requested a copy of the affidavit and search warrant pertaining to your residence on September 17, 2013 at 803 Flicker Road, Louisville, KY 40214. You claim you have not received these items before. This is not correct. You were indicted and convicted regarding this search in Jefferson Circuit Court Case No. 14-CR-501, where you were represented by legal counsel. I enclose for your review the following items. Provided in this criminal action Commonwealth v. DeSpain, No. 14-CR-501.

1. Order regarding Motion to Suppress for Evidentiary Hearing and for In Camera Examination entered 8/23/2017 (9 pages);

2. Order regarding Disclosure of Surveillance Video entered 11/7/2016 (4 pages);

3. Order regarding Motion to Produce Confidential Informant and Renewed Motion to Produce Video Recordings entered 4/19/2017 (4 pages); and

4. Kentucky Supreme Court Opinion Affirming your conviction and sentence entered 12/19/2019 in Case No. 2018-SC-000198-MR (13 pages – <u>see</u> particularly pages 8-12 on the search.

The search warrant and affidavit were provided to your legal counsel in your criminal case. Your Motion to Suppress in your criminal case was litigated and denied in the trial court and upheld on appeal. Your convictions are final. There is currently a stay of discovery in your federal civil case, Civil Action No. 3:14-CV-602 (W.D. Ky.)

The records compiled and maintained by the Jefferson County Attorney's Office that pertain to the criminal case are being claimed exempt from public inspection by operations of KRS 61.878(1)(h). The statute provides, in relevant part:

> [R]ecords or information compiled and maintained by county attorneys or Commonwealth's attorneys pertaining to criminal investigations or criminal litigation shall be exempted from the provisions of KRS 61.870 to 61.884 and shall remain exempted after enforcement action, including litigation, is completed or a decision is made to take no action.

See <u>Skaggs v. Redford</u>, 844 S.W.2d 389 (Ky. 1993); <u>Bowling v. Lexington-Fayette Urban County Government</u>, 172 S.W.3d 333 (Ky. 2005); 10-ORD-208 and 00-ORD-116.

Further, pursuant to KRS 61.878 certain public records are exempted from inspection/excluded from the application of KRS 61.870 to 61.884 and shall be subject to inspection only upon order of a court. This exclusion and or exemption from inspection includes but is not limited to:

> (h) Records of law enforcement agencies or agencies involved in administrative adjudication that were compiled in the process of detecting and investigating statutory or regulatory violations if the disclosure of the information would harm the agency by revealing the identity of informants not otherwise known or by premature release of information to be used in a prospective law enforcement action or administrative adjudication. Unless exempted by other provisions of KRS 61.870 to 61.884, public records exempted under this provision shall be open after enforcement action is completed

or a decision is made to take no action; however, records or information compiled and maintained by county attorneys or Commonwealth's attorneys pertaining to criminal investigations or criminal litigation shall be exempted from the provisions of KRS 61.870 to 61.884 and shall remain exempted after enforcement action, including litigation, is completed or a decision is made to take no action. The exemptions provided by this subsection shall not be used by the custodian of the records to delay or impede the exercise of rights granted by KRS 61.870 to 61.884.

This exemption also applies.

As indicated, your request is denied based upon prior information provided and the above exceptions.

Sincerely,

*[signature]*

John F. Carroll
Assistant Jefferson County Attorney

JFC/mmk
Encl.



EX-2

LOUISVILLE METRO POLICE DEPARTMENT

GREG FISCHER　　　　　　　　　　　　　　　　　　　STEVE CONRAD
MAYOR　　　　　　　　　　　　　　　　　　　　　　CHIEF OF POLICE

December 9, 2020

Mr. Michael DeSpain, #085419
Luther Luckett Correctional Complex
P.O. Box 6
LaGrange, Kentucky 40031

　　　　　Re:　Open Records Request #19-2283

Mr. DeSpain:

　　　　This correspondence comes in response to your December 1, 2020 correspondence received in the above identified open record request for (1) a copy of an Affidavit/Search Warrant issued to Det. Stewart on 09-17-2013.

　　　　Enclosed please find the Affidavit and Search Warrant executed by Detective Chad Stewart on September 18, 2013 to 803 Flicker Rd, Louisville, KY 40214, as were previously provided to you in my November 23, 2020 correspondence. LMPD is not in possession of a September 17, 2013 Affidavit/Search Warrant in response to your request.

Best Regards,

P. A. King
Paralegal
Louisville Metro Police Department
Open Records Division
633 West Jefferson Street
Louisville, Kentucky 40202

Enclosures

Michael R. DeSpain #085419
L.L.C.C.
1612 Dawkins Rd
LaGrange Kentucky 40031

United States District Court
601 W. Broadway Suite-106
Louisville Kentucky 40202



FILED
JAMES J. VILT, CLERK

JAN - 6 2021

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY