UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| MICHAEL RAY DESPAIN ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:14-CV-P602-CHB |
| ) | |
| v. ) | |
| ) | |
| LOUISVILLE METROPOLITAN ) | **MEMORANDUM OPINION** |
| GOVERNMENT *et al.*, ) | **AND ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

*** *** *** ***

This matter is before the Court on a Motion to Supplement Original Pleading by Plaintiff Michael Ray DeSpain. [R. 133] Defendants filed a response. [R. 134] This matter is ripe for decision. For the reasons set forth below, the Motion to Supplement is **GRANTED**.

### I.  BACKGROUND

This is a *pro se* prisoner civil-rights action. Plaintiff brought this 42 U.S.C. § 1983 action against Defendants alleging violations of his constitutional rights arising out of the execution of a search warrant at Plaintiff's home on September 18, 2013. [R. 1] Upon review of the Complaint pursuant to 28 U.S.C. § 1915A, the Court allowed the following claims to proceed: failure-to-train claim against the Louisville Metro Government; individual-capacity claims under the Fourth and Fourteenth Amendments to the United States Constitution and Section 10 of the Kentucky Constitution against Defendants Stewart, Nobles, Browning, Hyche, Henzley, McKnight, Mattingly, James, Casse, Judah, Bates, and the 25 Unknown SWAT Team members for illegal search and seizure, excessive property damage, excessive force, intentional destruction of physical evidence, and refusal of EMS medical treatment; and an individual-capacity claim

against Defendant Stewart for falsifying his investigation report. [R. 8] On January 28, 2015, the Court entered its Service and Scheduling Order setting the pretrial discovery deadline for June 10, 2015. [R. 10, p. 2] Plaintiff filed a motion to add the names of 24 SWAT Defendants to the docket [R. 48] which was granted on July 17, 2015. [R. 52, p. 2]

In April of 2015, Defendants moved to stay the civil action pending resolution of the criminal case against Plaintiff in state court, [R. 39], and the Court granted the stay [R. 60, p. 2]. On November 25, 2020, the Court lifted the stay after the resolution of the state-court action. [R. 130]

On December 3, 2020, Plaintiff filed this Motion to Supplement Original Pleading. Plaintiff states that during the investigation of his criminal case, he discovered all of "his discovery documents back-dated to 9-17-2013 at 17:12 [5:12]" which is contrary to Louisville Metro Police Department Public Integrity Unit's documentation of that date. [R. 133, p. 1] Plaintiff maintains the back-dating of the documents was intentional. Additionally, Plaintiff contends that the affidavit and search warrant were falsified and forged by Defendants within the Louisville Metro Police Department, including Detective Chad Stewart. *Id.* at pp. 3–4. Defendants filed a Response arguing that these matters were fully litigated in Plaintiff's criminal case as a part of a motion to suppress. [R. 134, pp. 1–2]

## II. DISCUSSION

Federal Rule of Civil Procedure 15(d) governs the submission of supplemental pleadings. "This Rule provides that upon the motion of a party, 'the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.'" *Martinez v. Hiland*, No. 5:13-CV-P182-GNS, 2017 WL 939009, at *2 (W.D. Ky. Mar. 9, 2017) (quoting Fed. R. Civ. P. 15(d)). In

considering whether to permit supplementation, "courts look to the interrelation of the proposed new claims with those already pending against the defendant." *Diamond Elec., Inc. v. Knoebel Constr., Inc.*, No. 5:16-CV-023-KKC, 2016 WL 6518625, at *2 (E.D. Ky. Nov. 2, 2016) (quoting *Stryker Corp. v. XL Ins. Am., Inc.*, No. 1:05-CV-51, 2013 WL 5533609, at *5 (W.D. Mich. Oct. 7, 2013)). Whether to grant or deny a request to supplement a pleading is left to the sound discretion of the trial court. *Security Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995); *see also Foman v. Davis*, 371 U.S. 178, 181–82 (1962).

The allegations set forth in Plaintiff's Motion to Supplement raise similar claims against Defendants Chad Stewart and Louisville Metro Government. In fact, many of the allegations contained in the Motion to Supplement are already part of Plaintiff's original Fourth Amendment illegal search and seizure claim he raised against Defendants in his original Complaint. [R. 1, pp. 6–8] Additionally, the parties addressed these "new" allegations within their cross-motions for summary judgment. [R. 141, R. 164] As such, the Court will grant the Motion to Supplement and construe the Motion as a Supplemental Complaint.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Supplement [**R. 133**] is **GRANTED**. The Court construes the Motion to Supplement as a Supplemental Complaint.

This the 17th day of August, 2021.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:   Plaintiff, *pro se*
      counsel of record