UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHAEL RAY DESPAIN       )
                                       )
       Plaintiff,             )        Civil Action No. 3:14-CV-P602-CHB
                                       )
v.                                 )
                                     )
LOUISVILLE METROPOLITAN    )        **MEMORANDUM OPINION**
GOVERNMENT *et al*.,            )          **AND ORDER**
                                       )
       Defendants.           )
                                       )

*** *** *** ***

This matter is before the Court on multiple motions by the parties, including: Defendants'
Motion for Leave to File Amended Answer [R. 138]; Plaintiff's Motion for Sanctions [R. 145; R.
149 (Defendant's Response); R. 157 (Plaintiff's Reply)]; Plaintiff's Motion to Stay [R. 150; R.
153 (Defendants' Response)]; Plaintiff's Motion to Appoint Counsel [R. 158; R. 160
(Defendants' Response)]; and Defendants' Motion for Leave to File Memorandum in Excess of
Page Limit [R. 171]. These matters are now ripe for decision.

**I.  BACKGROUND**

This is a *pro se* prisoner civil-rights action.  Plaintiff brought this 42 U.S.C. § 1983 action
against Defendants alleging violations of his constitutional rights arising out of the execution of a
search warrant at Plaintiff's home on September 18, 2013.  [R. 1]  Upon review of the Complaint
pursuant to 28 U.S.C. § 1915A, the Court allowed the following claims to proceed: failure-to-
train claim against the Louisville Metro Government; individual-capacity claims under the
Fourth and Fourteenth Amendments to the United States Constitution and Section 10 of the
Kentucky Constitution against Defendants Stewart, Nobles, Browning, Hyche, Henzley,

McKnight, Mattingly, James, Casse, Judah, Bates, and the 25 Unknown SWAT Team members for illegal search and seizure, excessive property damage, excessive force, intentional destruction of physical evidence, and refusal of EMS medical treatment; and an individual capacity claim against Defendant Stewart for falsifying his investigation report.  [R. 8]

In April of 2015, Defendants moved to stay the civil action pending resolution of the criminal case against Plaintiff in state court, [R. 39], and the Court granted the stay in September of 2015 [R. 60, p. 2].  On November 25, 2020, the Court lifted the stay after the resolution of the state-court action.  [R. 130]  Since that time, the parties have filed numerous motions.  The Court will address each in turn.

## II.  DISCUSSION

### A.  Defendants' Motion for Leave to File Amended Answer [R. 138]

Defendants request leave to amend their Answer to raise additional defenses to Plaintiff's claims.  Defendants represent that after this case was initially filed in 2014, Plaintiff went to trial in his related Jefferson Circuit Court criminal cases, Cases Nos. 14-CR-501 and 18-CR-00652, where he was convicted.  Plaintiff subsequently appealed his judgment and sentence to the Kentucky Court of Appeals and later to the Kentucky Supreme Court.  On December 19, 2019, the Kentucky Supreme Court affirmed each of the convictions and upheld the denial of his motion to suppress the search of his residence.  [R. 138, pp. 2–3 (citing *Despain v. Comm.*, No. 2018-SC-000198-MR, 2019 WL 6972897 (Ky. Dec. 19, 2019)]  Defendants maintain that the defenses now raised in the Amended Answer could not be raised until after Plaintiff's criminal convictions were final in his state court criminal cases.  [R. 138, p. 3]  Plaintiff has not responded.

Having considered the motion and being otherwise sufficiently advised, the Defendants'

Motion for Leave to File an Amended Answer [R. 138] is **GRANTED.**  The Amended Answer to Complaint by Defendants [R. 138-2] shall be filed in the record.

### B.  Plaintiff's Motion for Sanctions [R. 145]

Plaintiff moves for sanctions under Rule 11 of the Federal Rules of Civil Procedure against Defendants arguing that they tendered a falsified document in their Response to Plaintiff's Motion to Supplement.  [R. 134-3]  The document tendered is a letter from John Carroll informing Plaintiff that the Jefferson County Attorney Civil Division is not the custodian of records of Plaintiff's search warrant and affidavit.  However, the copy of the letter received by Plaintiff was actually substantially shorter.  [R. 145]  Defendants concede that an incorrect version of the letter actually sent to Plaintiff was included in its Response to Plaintiff's Motion to Supplement and apprised the Court of the error.  [R. 149, p. 2]  Plaintiff filed a Reply.  [R. 157]

Plaintiff's motion for sanctions fails because Plaintiff did not properly comply with the procedural requirements for filing a Rule 11 motion for sanctions.  Rule 11(c)(2), referred to as the safe harbor provision, provides:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11.  "In accord with the plain language of that provision, the Sixth Circuit has made clear that 'a party seeking sanctions must follow a two-step process: first, serve the Rule 11 motion on the opposing party for a designated period (at least twenty-one days); and then file the motion with the court.'" *General Drivers, Warehousemen & Helpers, Loc. Union No. 89 v. Jack Cooper Transp. Co.*, No. 3:12-CV-362, 2013 WL 1748397, at *1–2 (W.D. Ky. Apr. 23, 2013) (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997)); *see also*

*Madden v. Grate,* No. 5:19-CV-73-TBR, 2020 WL 520998, *1 (W.D. Ky. Jan. 31, 2020).  Here, Plaintiff failed to comply with this requirement, and his motion should be denied accordingly.

Additionally, even if Plaintiff had complied with this procedural requirement, the Court finds that Plaintiff failed to establish that Defendants were acting in bad faith when counsel inadvertently filed as an exhibit the incorrect letter.  The test for Rule 11 sanctions "is whether the individual attorney's conduct was reasonable under the circumstances."  *Mann v. G&G Manuf., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990) (citations omitted).  Defendants acknowledged the mistake within nine days of learning of it.  Thus, the Court finds that Rule 11 sanctions are not warranted, and the Court **DENIES** Plaintiff's Motion for Sanctions.

### C.  Plaintiff's Motion to Stay [R. 150]

Plaintiff moves to stay the case pending release from a pandemic-related institutional lockdown at the Luther Luckett Correctional Complex ("LLCC") in LaGrange, Kentucky. Plaintiff maintains that as a result of the lockdown, he has no access to legal material or legal assistance.  Plaintiff requests the case be stayed until the institution returns to normal operations. [R. 150, p. 1]  In response, Defendants represent that as of February 1, 2021, the institution was still on medical lockdown, but that the LLCC Warden advised that the use of the law library would resume as of late February.  [R. 153, pp. 1–2]  Given the medical lockdown, the Court issued an Order extending time for Plaintiff to respond to Defendants' motions.  [R. 154]

The record reflects that Plaintiff has now responded to Defendants' motions and filed other motions related to this action.  Accordingly, Plaintiff's Motion to Stay is **DENIED AS MOOT**.

### D.  Plaintiff's Motion to Appoint Counsel [R. 158]

Plaintiff again requests appointment of counsel.  Defendants filed a response noting that

the Court has denied Plaintiff's motions for appointment of counsel on two occasions.  [R. 160,

p. 1]

        "Appointment of counsel in a *civil* case is not a constitutional right."  *Lavado v. Keohane*,

992 F.2d 601, 605 (6th Cir. 1993) (emphasis added) (quoting *Mekdeci v. Merrell National*

*Laboratories*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983)) (internal quotation marks omitted);

*Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment does not govern civil

cases.").  Under 28 U.S.C. § 1915(e), "[t]he court may request an attorney to represent any

person unable to afford counsel."  § 1915(e)(1) (emphasis added).  It is a matter "within the

discretion of the court," *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United*

*States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)) (internal quotation marks omitted), and "is

a privilege that is justified only by exceptional circumstances."  *Lavado*, 992 F.2d at 606

(quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).  "To determine whether these

exceptional circumstances exist, courts typically consider 'the type of case and the ability of the

plaintiff to represent himself.'"  *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (quoting

*Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)).  "This generally involves a

determination of the 'complexity of the factual and legal issues involved.'"  *Lavado*, 992 F.2d at

606 (quoting *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986)).

        The Court finds that the complexity of the issues in this case does not necessitate the

appointment of counsel, and a review of the documents filed by Plaintiff reveals that he is

sufficiently articulate and able to present his case to the Court at this time.  Plaintiff does not

show how his circumstances are different from other *pro se* prisoner plaintiffs.  *See, e.g., Stewart*

*v. United States*, No. 2:13-CV-02896-STA, 2017 WL 939197, at *1 n.1 (W.D. Tenn. Mar. 7,

2017) (finding appointed counsel not warranted "on the grounds that the issues in the case are

'too complex for him' and that he has 'extremely limited access to the law library,' is 'mentally ill,' 'does not have an education,' and has 'a limited knowledge of the law'"); *Coates v. Kafczynski*, No. 2:05-CV-3, 2006 WL 416244, at *1 (W.D. Mich. Feb. 22, 2006) ("[T]here is nothing exceptional concerning [a prisoner's] incarceration or poverty that extraordinarily debilitates his ability to investigate crucial facts.  These are ordinary and routine impediments incident to prisoner litigation.").  The Court, therefore, finds that Plaintiff has not set forth any exceptional circumstances warranting appointment of counsel.

Accordingly, Plaintiff's motion for appointment of counsel [R. 158] is **DENIED**.

**E.  Defendants' Motion for Leave to File Memorandum in Excess of Page Limit [R. 171]**

Defendants move the Court for leave to file their previously filed Memorandum of Law in Support of their Motion for Summary Judgment [R. 141-1] with thirty-one pages pursuant to Joint Local Rule 7.1(d).  Defendants represent that the case involves the Louisville/Jefferson County Metro Government and thirty-five individual defendants and necessitates in excess of twenty-five pages to address the numerous claims and defendants involved.  [R. 171, pp. 1–2]  No objection was filed.

After considering the reasons set forth by Defendants, the Court **GRANTS** the motion. The Court accepts the previously filed Defendants' Memorandum in Support of Motion for Summary Judgment, [R. 141-1].

### III.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

1.      Defendants' Motion for Leave to File Amended Answer [**R. 138**] is **GRANTED.** The Clerk of Court shall file the Amended Answer [**R. 138-2**] in the record.

2.      Plaintiff's Motion for Sanctions [**R. 145**] is **DENIED**.

3.      Plaintiff's Motion to Stay [**R. 150**] is **DENIED AS MOOT**.

4.      Plaintiff's Motion to Appoint Counsel [**R. 158**] is **DENIED**.

5.      Defendants' Motion for Leave to File Memorandum in Excess of Page Limit

[**R. 171**] is **GRANTED**.

This the 17th day of August, 2021.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:     Plaintiff, *pro se*
        counsel of record