UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| MICHAEL RAY DESPAIN ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:14-CV-P602-CHB |
| ) | |
| v. ) | |
| ) | |
| LOUISVILLE METROPOLITAN ) | **MEMORANDUM OPINION AND** |
| GOVERNMENT *et al.*, ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on a Motion to Dismiss filed by Defendants Louisville Metro Police Department ("LMPD") Officer Dale Henzley ("Henzley"), and 24 Officers of the Special Weapons and Tactics ("SWAT") Team (collectively "SWAT Defendants"). [R. 139] Plaintiff Michael Ray DeSpain filed a Response. [R. 161] Henzley and SWAT Defendants filed a Reply. [R. 163] Fully briefed, this matter is ripe for decision. For the following reasons, the Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.

## I.  BACKGROUND

This is a *pro se* prisoner civil-rights action. Plaintiff brought this 42 U.S.C. § 1983 action against the Defendants alleging violations of his constitutional rights arising out of the execution of a search warrant at Plaintiff's home on September 18, 2013. [R. 1] Upon review of the Complaint pursuant to 28 U.S.C. § 1915A, the Court by Memorandum Opinion and Order filed January 28, 2015, allowed the following claims to proceed: failure-to-train claim against the Louisville Metro Government; individual-capacity claims under the Fourth and Fourteenth Amendments to the United States Constitution and Section 10 of the Kentucky Constitution

against Defendants Stewart, Nobles, Browning, Hyche, Henzley, McKnight, Mattingly, James, Casse, Judah, Bates, and the 25 Unknown SWAT Team members for illegal search and seizure, excessive property damage, excessive force, intentional destruction of physical evidence, and refusal of EMS medical treatment; and an individual-capacity claim against Defendant Stewart for falsifying his investigation report. [R. 8]

On January 28, 2015, the Court entered its Service and Scheduling Order setting the pretrial discovery deadline for June 10, 2015. [R.10, p. 2] In the Order, the Court advised Plaintiff of Federal Rule of Civil Procedure 4(m) and instructed him that he had "120 days from the date of [the] Memorandum Opinion and Order within which to move to amend his Complaint to name specific Defendants or show good cause for his failure to do so." [R. 8, p. 10] The Court also noted that "[t]his Order shall in no way constitute a determination that Plaintiff's claims against any later named defendants would be timely." [R. 8, p. 10 n. 2] Plaintiff filed an untimely motion to add the names of the 24 SWAT Defendants to the docket. [R. 48] Despite the delay, the Court granted the motion on July 17, 2015, finding good cause for Plaintiff's failure to provide the names within 120 days. [R. 52, p. 2] The SWAT Defendants and Henzley now move to dismiss the claims against them.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

In addition, "[a] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The duty to be less stringent with *pro se* complainants, however, does not require the Court to "abrogate basic pleading essentials," *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor to create a claim for a *pro se* plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

### III.  ANALYSIS

#### A.  Federal Claims Against SWAT Defendants

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wilson v. Garcia*, 471 U.S. 261, 275–280 (1985). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KRS § 413.140(1)(a). *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run." *Elkins v. Kentucky State Police*, No. 3:08CV-P157-S, 2008 WL 2597554, at *2 (W.D. Ky. June 26, 2008) (citing *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)). Federal law "establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint." *Elkins*, 2008 WL 2597554, at *2 (citing *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001)).

1. **Relation Back Under Rule 15**

Here, the alleged excessive force incident and denial of medical care occurred on September 18, 2013. The statute of limitations therefore ran one year later on September 18, 2014. Thus, with respect to the SWAT Defendants, the first issue is whether Plaintiff's Amended Complaint, mailed on June 1, 2015 and filed on June 11, 2015, relates back to his original Complaint under Rule 15 of the Federal Rules of Civil Procedure.

Rule 15 provides:

> **(c) Relation Back of Amendments.**
> **(1)** *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
>> **(A)** the law that provides the applicable statute of limitations allows relation back;
>> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>>> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15. Plaintiff's Amended Complaint changes the "naming of the party against whom a claim is asserted." Fed. R. Civ. P. 15(c)(1)(C). To satisfy Rule 15(c)(1)(C), Plaintiff's

> amended complaint must meet four requirements: (1) satisfy Rule 15(c)(1)(B)'s requirement that the amendment "arose out of the conduct, transaction, or occurrence," set out in the original complaint, (2) be within the period provided by Rule 4(m) for serving the summons and complaint, (3) the newly named Defendant Officers must have "received such notice of the action that [they] will not be prejudiced in defending on the merits," and (4) the newly named Defendant Officers must have "kn[own] or should have known that the action would have been brought against [them], but for a mistake concerning the proper party's identity."

*Patton v. Louisville Jefferson County Metro Gov't*, No. 3:18-CV-00346-RGJ, 2021 WL 741780, at *4–5 (W.D. Ky. Feb. 25, 2021) (quoting Fed. R. Civ. P. 15(c)(1)(C)).

In the Court's view, Plaintiff satisfied the first three requirements of Rule 15(c)(1)(C) given in part to the Rule 4(m) extension of time provided to Plaintiff. [R. 52, p. 2] However, Plaintiff cannot meet the fourth requirement, "which requires that the officer's [sic] knew or should have known that [Plaintiff's] suit would have been brought against them but for a mistake about the proper party's identity." *Patton*, 2021 WL 741780, at *5. Replacing the unknown SWAT Team Members listed in the original Complaint with named defendants does not constitute a mistaken identity. "Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (holding that the amended complaint naming specific police officers did not relate back to the original complaint, which listed "unnamed police officers" of the City of Louisville and Kentucky State Police). Here, Plaintiff "did not make a mistake about the identity of the parties he intended to sue; he did not know who they were and apparently did not find out within the . . . limitations period." *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012). As recognized in the Sixth Circuit, "an absence of knowledge is not a mistake, as required by Rule 15(c)(1)(C)(ii)" to permit an amendment to relate back. *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 433–434 (6th Cir. 2013) (citation omitted); *see also Wiggins v. Kimberly–Clark Corp.*, 641 F. App'x 545, 549 (6th Cir. 2016) (lack of knowledge of a defendant's identity does not constitute a "mistake" under the Rule 15(c)(1)(C)(ii)). "The relation-back protections of Rule 15(c) were not designed to correct *that* kind of problem." *Smith*, 476 F. App'x at 69. Because Plaintiff's amendment to substitute these individual defendants does not relate back to the filing of the original Complaint, Plaintiff's claims against these defendants are time-barred.

### 2. Equitable Tolling

The second issue is whether Plaintiff has a right to have the statute of limitations against the Defendant SWAT Team Members equitably tolled. "In a § 1983 case, 'just as limitations periods are taken from state law, so are the rules regarding equitable tolling.'" *Patton*, 2021 WL 741780, at *6 (quoting *Kucharski v. Leveille*, 526 F. Supp. 2d 768, 771 (E.D. Mich. 2007)). Federal courts utilize state tolling law in § 1983 cases. *Id.* As a result, this Court will apply Kentucky equitable tolling law to this case.

"Kentucky courts only allow equitable tolling when (1) the litigant has put forward a diligent effort to meet the constraints of the statute of limitations, and (2) some extraordinary circumstance beyond the litigant's control prevents him from meeting the statute of limitations." *Patton*, 2021 WL 741780, at *6 (citations omitted). "Under Kentucky law, "'a person who knows he has been injured has a duty to investigate and discover the identity of the tortfeasor within the statutory time constraints.'" *Id.* (quoting *Combs v. Albert Kahn Assocs., Inc.*, 183 S.W.3d 190, 199 (Ky. App. 2006)).

Here, Plaintiff contends that Defendants never released the initial discovery in this case until April of 2014, at which time they only released the names of the Viper Squad Officers. After obtaining this information, Plaintiff argues that he "made numerous attempts in regards to obtaining the names of the other (25) defendants involved in this case." [R. 161, pp. 1–2] Plaintiff argues that the Defendants never responded to any of the open record requests, presumably that he sent to LMPD or Louisville Metro Government. *Id.* at 2. Plaintiff further argues that upon receiving the Court's Order dated January 28, 2015, granting Plaintiff a 120 days to amend his original complaint to name the officers individually, he again made numerous attempts to obtain the names. *Id.* Plaintiff argues that he "on Sept. 2nd, 2014 claimed there are

25 additional SWAT officers involved in this action. Plaintiff should not be held accountable for the defendants intentional failure to release the additional names of the defendants." *Id.* at 3.

To the extent that Plaintiff is arguing that equitable tolling applies, this argument must be rejected. Plaintiff mailed the original Complaint listing as defendants 25 Unknown SWAT Team Members on August 28, 2014, and it was filed on September 2, 2014. [R. 1] The suit was filed two weeks before the limitations period expired. On January 28, 2015, the Court completed its 28 U.S.C. § 1915A initial review and permitted claims against the Unknown SWAT Team Agents to proceed. [R. 8, p. 10–11] On June 1, 2015, Plaintiff mailed his Motion to Amend his Complaint to add names of the Unknown SWAT Team Defendants. [R. 48] In examining Plaintiff's post-suit efforts, even a motion for expedited discovery after the Court issued its § 1915A initial review would have been unlikely to yield the identities of the SWAT Team Members before the statute of limitations ran. Filing suit at or near the expiration of the statute of limitations period and then trying to determine the proper defendants does not constitute due diligence. *Cross v. Carmona*, No. 15-14254, 2018 WL 1535393, at *7 (E.D. Mich. Mar. 29, 2018).

Likewise, Plaintiff's diligence pre-suit does not warrant equitable tolling of the statute of limitations. While Plaintiff asserts claims of fraudulent concealment against Defendants for withholding the names of the 25 Unknown SWAT Team Officers, Defendants correctly point out that discovery in this action could not commence until Plaintiff filed his civil suit against Defendants in September of 2014. In light of the statements contained in Plaintiff's Response, the Court assumes for purposes of this Motion that Plaintiff initiated open records request from the LMPD or Louisville Metro Government prior to suit. However, Plaintiff tendered no pre-suit open record requests with his Amended Complaint that indicates that he made efforts to discover

the identities of the SWAT Team Members involved in the incident.[1]

Furthermore, Plaintiff's argument for equitable tolling—i.e. that he exercised due diligence in discovering the Unknown SWAT Team Members' identities before and after the filing of his original Complaint—is also unavailing under the Sixth Circuit's decision in *Brown v. Cuyahoga County, Ohio*. In *Brown*, the Sixth Circuit held that a plaintiff who had attempted to discover the identity of his John Doe defendants before the expiration of the statute of limitations still "failed to allege sufficient diligence" that would warrant equitable tolling. 517 F. App'x at 435. The Sixth Circuit further noted that "the possibility that unscrupulous government employees may have given [plaintiff] the runaround is not a reason to deviate from our longstanding precedent of applying Rule 15(c)(1)(C) strictly." *Id.*; *see also Cross*, 2018 WL 1535393, at *5–7.

### B. Federal Claims against Defendant Henzley

With respect to Defendant Henzley, the record reflects that a summons was issued against the named Defendant on January 28, 2015, and was returned unexecuted to the Court. [R. 42] A handwritten notation on the USM-285 form advises, "No longer employed by Louisville Metro" and was dated February 18, 2015. *Id.* Despite the February notation date, the unexecuted summons was not filed with the Court until April 20, 2015. *Id.* On July 17, 2015, the Court sought to secure a waiver of service for Defendant Henzley from the Assistant Jefferson County Attorneys Office who represents all Defendants. [R. 51, p. 3] A waiver of service was entered

---

[1] The Court located records related to his post-suit efforts. On November 24, 2014, Plaintiff mentions in a Motion to Enter DVD that he has tried numerous times to find the SWAT team names to supplement his Civil Rights action. [R. 6] In another pleading, Plaintiff states that on February 4, 2015, he filed a request with Mayor Greg Fisher and Chief of Police Steve Conrad to identify the names of the 25 Unknown SWAT Officers. [R. 35, p. 2] Additionally, the record reflects that Stephen Durham, Assistant Jefferson County Attorney, submitted a letter dated February 20, 2015, to Plaintiff indicating that he would identify the names of the SWAT officers involved in the execution of the search warrant in question within 10 days. [R. 46-1] The Court has not located the initial letter sent to Mayor Fisher or Chief of Police Conrad.

by Henzley on August 6, 2015. [R. 53]

"[W]hen a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants." *Bryd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(3). The untimeliness of the service of Defendant Henzley is born in part by the late filing of the returned summons by the United States Marshal Service. The Court will not penalize the Plaintiff for the Court's failure, and the Court further finds that Defendant Henzley was not prejudiced by the delay. Accordingly, the Court denies the dismissal of the federal claims against Henzley.

### C. State Law Claims

Plaintiff brings a state-law claim under Section 10 of the Kentucky Constitution against Defendants. [R. 1, pp. 6–8] Defendants argue that Kentucky does not recognize a private cause of action for alleged violations of state constitutional rights. [R. 139-1, p. 9] Defendants are correct: "Kentucky law does not recognize a private cause of action under the Kentucky Constitution." *Hall v. Turner*, No. 3:18-CV-P492-DJH, 2019 WL 267737, at *4 (W.D. Ky. Jan. 18, 2019); *see also Grise v. Allen*, 714 F. App'x 489, 500 (6th Cir. 2017) ("there is no statutory or common law right of action in Kentucky for violations of the state constitution") (citing *St. Luke Hospital, Inc. v. Straub*, 354 S.W.3d 529, 536–537 (Ky. 2011)); *Conn v. Deskins*, 238 F. Supp. 3d 924, 930 (E.D. Ky. 2017) ("The problem is that Kentucky has not recognized a private right of action akin to *Bivens* to recover money damages for a violation of the state's constitution"). Therefore, the Court will grant Defendants' motion to dismiss this claim.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion to Dismiss, [R. 139] is **GRANTED IN PART AND DENIED IN PART**.

Said Motion is **GRANTED** to the extent the moving defendants seek dismissal of Plaintiff's state law claim under Section 10 of the Kentucky Constitution. The state law claim under Section 10 of the Kentucky Constitution against them is hereby **DISMISSED** as to all defendants.

The Motion to Dismiss is also **GRANTED** to the extent the moving defendants seek to dismiss the claims against the SWAT Defendants. The claims against the following officers are hereby **DISMISSED**: 1) Brent Routzahn; 2) Jason Lainhart; 3) Paul Humphrey; 4) Christopher Kitchen; 5) Darrin Balthrop; 6) Luke Phan; 7) Mark Granholm; 8) Michael Cheeseman; 9) Michael B. King; 10) Shannon Parks; 11) Cory Robinson; 12) Matthew Sanders; 13) Bradley Harris; 14) Sean P. Hayes; 15) Charlie Newman; 16) Michael "Keith" Simpson; 17) John M. Seymour; 18) Jeremy Ruoff; 19) Kristopher Pedigo; 20) Allen Manganello; 21) Brandon Hogan; 22) Jason Pooston; 23) Tom Hodgkins; and 24) Wesley S. Claxon.

The Motion to Dismiss is **DENIED** to the extent the moving defendants seek dismissal of the federal claims against LMPD Officer Dale Henzley.

This the 19th day of August, 2021.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
      counsel of record