UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHAEL RAY DESPAIN )
)
    Plaintiff, ) Civil Action No. 3:14-CV-P602-CHB
)
v. )
)
LOUISVILLE METROPOLITAN ) **MEMORANDUM OPINION**
GOVERNMENT *et al.*, ) **AND ORDER**
)
    Defendants. )
)

*** *** *** ***

This matter is before the Court on a Motion to Supplement Original Complaint by Plaintiff Michael Ray DeSpain [R. 146] and a Motion to Strike Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Supplement Complaint by Defendants [R.168]. Fully briefed, [R. 147, R. 166, R. 170], these matters are ripe for decision. For the following reasons, both Plaintiff's Motion to Supplement and Defendants' Motion to Strike are **DENIED**.

## I. BACKGROUND

This is a *pro se* prisoner civil-rights action. Plaintiff Michael Ray DeSpain brought this 42 U.S.C. § 1983 action against the Defendants alleging violations of his constitutional rights arising out of the execution of a search warrant at Plaintiff's home on September 18, 2013. [R. 1] Upon review of the Complaint pursuant to 28 U.S.C. § 1915A, the Court by Memorandum Opinion and Order filed January 28, 2015, allowed the following claims to proceed: the failure-to-train claim against the Louisville Metro Government; individual-capacity claim under the Fourth and Fourteenth Amendments to the United States Constitution and Section 10 of the Kentucky Constitution against the Individual Defendants for illegal search and seizure, excessive

property damage, excessive force, intentional destruction of physical evidence, and refusal of EMS medical treatment; and an individual-capacity claim against Defendant Stewart for falsifying his investigation report. [R. 8] This action was stayed until the completion of Plaintiff's state criminal proceedings with the Court lifting the stay on November 25, 2020. [R. 130] In December of 2020, some of the Defendants filed a motion to dismiss, [R. 139], and on December 23, 2020, all remaining Defendants filed a Motion for Summary Judgment [R. 141].

On January 6, 2021, Plaintiff moved for leave to file a supplemental complaint pursuant to Federal Rule of Civil Procedure 15. [R. 146] Plaintiff seeks to add new Defendants LMPD Sergeant Donald Boeckman, Property Room Supervisor Dianna Marcum, Seized Firearm Coordinator Stacy Davenport, and Jefferson Circuit Judge Mitch Perry and claims pursuant to 42 U.S.C. §1983 for alleged constitutional violations stemming from the search of his home. [R. 146, pp. 2–9] Additionally, Plaintiff raises new claims against Louisville Metro Police Department ("LMPD") Officers Douglas Brooks and Shawn Hamilton regarding the investigation of a formal complaint filed by Plaintiff with the LMPD in December 2018 against Officers Donald Boeckman and Chad Stewart. *Id.* at pp. 2–4, 6–7. Defendants filed a Response objecting to the motion. [R. 147] Plaintiff filed a Reply. [R. 166] Subsequently, Defendants moved to strike the Reply pursuant to Federal Rule of Civil Procedure 12(f), [R. 168], and Plaintiff filed a response [R. 170]. Because the Motion to Strike impacts the pleadings the Court may consider in deciding the Motion to Supplement, the Court will first consider the Motion to Strike.

## II. MOTION TO STRIKE [R. 168]

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) motions to strike "are viewed with disfavor and are not frequently granted." *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citations omitted). Generally, motions to strike "will be denied unless the allegations have 'no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.'" *Mayes v. Envtl. Prot. Agency*, No. 3:05-CV-478, 2006 WL 2709237, *4 (E.D. Tenn. Sept. 20, 2006) (quoting Charles A. Wright & Arthur R. Miller, 5C Federal Practice & Procedure § 1382 (3d ed. 2004)). Such motions may be appropriate, however, when a complaint contains "numerous immaterial, impertinent, or scandalous statements designed to improperly elicit sympathy, to curry favor, or to cast aspersions on the defendants." *Everage v. Ford Motor Co.*, No. 04-CV-549-KKC, 2005 WL 1176095, at *3 (E.D. Ky. May 12, 2005), report and recommendation adopted, No. 04-CV-549 KKC, 2005 WL 2365267 (E.D. Ky. Sept. 14, 2005). However, "[c]ourts have generally decided to strike portions of a pleading for being impertinent or scandalous only where the language is extreme or offensive." *Thompson v. Hartford Life and Acc. Ins. Co.*, 270 F.R.D. 277, 279 (W.D. Ky. 2010) (citations omitted). The Court has "considerable discretion" in deciding whether to strike pleadings or portions thereof under Rule 12(f). *Id.*

    **B. Analysis**

In the present case, Defendants ask the Court to strike Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Supplement Complaint. [R. 168] Defendants argue that Plaintiff's Reply [R. 166] is "littered with bare averments, unsupported by documents[,] and these averments were previously litigated in Plaintiff's underlying criminal

case." [R. 168-1, pp. 1–2] Defendants further argue that the Reply contains unsubstantiated allegations of malicious motives and intent directed at the six proposed new Defendants and Detective Stewart. *Id.* at 2. Defendants complain that Plaintiff inaccurately claims that these new proposed defendants intentionally conspired to deprive him of his constitutional rights and that Plaintiff continues to attempt to rehash the same constitutional arguments litigated in his criminal case. *Id.* at 3–4. Plaintiff filed a Response. [R. 170]

The challenged statements and arguments do not warrant striking the Reply. Plaintiff's Reply mirrors the allegations made and tone utilized in his Proposed Supplemental Complaint and other pleadings throughout this litigation, and most of the allegations are linked to the legal theory of Plaintiff's case. "It is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action." *Crawford v. Tilley*, No. 5:18-CV-623-CHB, 2020 WL 6947479, at *3–6 (E.D. Ky. Nov. 25, 2020) (quoting Wright and Miller, 5C Federal Practice and Procedure, § 1382) (internal quotation marks omitted). In this case, the Reply may offend the sensibilities of the Defendants, but it does not contain language so "extreme or offensive" as to qualify as impertinent or scandalous. *Thompson*, 270 F.R.D. at 279. Accordingly, the Court will deny Defendants' Motion to Strike.

### III. MOTION TO SUPPLEMENT COMPLAINT [R. 146]

#### A. Standard of Review

Federal Rule of Civil Procedure 15 governs amendments and supplementation of pleadings. Rule 15(a)(2) provides that leave to amend "shall be freely given when justice so requires." Rule 15(d) governs the submission of supplemental pleadings. "This Rule provides that upon the motion of a party, 'the court may, on just terms, permit a party to serve a

supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.'" *Martinez v. Hiland*, No. 5:13-CV-P182-GNS, 2017 WL 939009, at *2 (W.D. Ky. Mar. 9, 2017) (quoting Fed. R. Civ. P. 15(d)). The Rule "plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary." *Griffin v. County Sch. Bd. of Prince Edward County*, 377 U.S. 218, 227 (1964). "The standard for granting leave to supplement under Rule 15(d) is the same as the standard governing leave to amend under Rule 15(a)(2)." *Martinez*, 2017 WL 939009, at *2 (W.D. Ky. Mar. 9, 2017) (citing *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002)).

Whether to grant or deny a request to supplement a pleading is left to the sound discretion of the trial court. *Security Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995); *see also Foman v. Davis*, 371 U.S. 178, 181–82 (1962). In exercising its discretion under Rule 15(d), the Court considers "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Security. Ins. Co. of Hartford*, 64 F.3d at 1008.

### B. Analysis

#### 1. *LMPD Officers Douglas Brooks and Shawn Hamilton*

Plaintiff seeks to add claims against two new Defendants, LMPD Officers Douglas Brooks and Shawn Hamilton, regarding their investigation of a formal complaint filed by Plaintiff on December 27, 2018, with the LMPD against Officers Donald Boeckman and Chad

Stewart. [R. 146, pp. 2–4, 6–7] Plaintiff avers that Sergeants Brooks and Hamilton failed to properly investigate the formal complaint against Boeckman and Stewart and improperly caused the investigation to be closed resulting in a violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution. *Id.* at p. 7.

As noted above, Rule 15(d) "plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary." *Griffin*, 377 U.S. at 227. While courts have broad discretion to allow a supplemental complaint to add new claims and new parties, courts generally require some linkage between the claims asserted in the original pleading and those offered in the proposed supplemental pleading. *Diamond Elec., Inc. v. Knoebel Constr., Inc.*, No. 5:16-CV-023-KKC, 2016 WL 6518625, at *2 (E.D. Ky. Nov. 2, 2016). "A court may deny leave to file a supplemental pleading where that pleading relates only indirectly, if at all, to the original complaint and the alleged cause of action arose out [of] an entirely unrelated set of facts." *Id.* at *2 (quoting *Nottingham v. Peoria*, 709 F. Supp. 542, 544 (M.D. Pa. 1988)) (internal quotation marks omitted). In addition, leave to supplement may be denied if it would be fairer and more orderly for a Plaintiff to bring his new claims in another lawsuit. *See Martinez*, 2017 WL 939009, at *2.

Additionally, Federal Rule of Civil Procedure 20 provides, in part, that "[p]ersons . . . may be joined in one action as defendants if . . . any right to relief is asserted . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). After a suit has already been commenced, an amendment changing, adding, or dropping parties requires leave of Court under the federal rules. *Browder v. Ankrom*, No.

4:05CV-P9-M, 2006 WL 2051631, at *3 (W.D. Ky. July 20, 2006). "When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, 'the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Jones v. Washington*, No. 1:17-CV-406, 2017 WL 3187522, at *3 (W.D. Mich. July 27, 2017) (quoting *Nali v. Michigan Dep't of Corrections*, No. 07-108312007 WL 4465247, *3 (E.D. Mich. Dec. 18, 2007))

In this case, Plaintiff fails to meet the requirements of Rule 20 because his claims against Officers Brooks and Hamilton are at most tangentially related to the § 1983 claims against the other defendants. Plaintiff's new claims against Brooks and Hamilton arise not out of the events that occurred on or about the date of the search and seizure. Instead, they arise out of the alleged failure of these two officers to investigate a formal complaint filed by Plaintiff with the LMPD in December of 2018, five years after the original alleged constitutional violations. The length of time between the alleged constitutional violations and the unrelated constitutional claims weigh heavily against allowing the filing of the Supplemental Complaint against Brooks and Hamilton. Accordingly, the Court finds that under Rule 20 this amendment is not proper and will be denied.

### 2. *LMPD Officers Boeckman, Marcum, Davenport, Judge Perry*

Plaintiff seeks to add claims against four new Defendants—LMPD Sergeant Donald Boeckman, Property Room Supervisor Dianna Marcum, Seized Firearm Coordinator Stacy Davenport, and Jefferson Circuit Judge Mitch Perry—for alleged constitutional violations stemming from the search of his home on September 18, 2013. [R. 146, pp. 2–9] In his Supplemental Complaint, Plaintiff asserts that Sergeant Boeckman gave stolen firearms to

Plaintiff, requested Plaintiff's step-daughter to draw floor plans of the home, and informed Detective Stewart that Plaintiff illegally possessed the firearms resulting in the violation of Plaintiff's Fourth and Fourteenth Amendment rights. *Id.* at p. 6. Plaintiff alleges that Officer Marcum backdated all of the items seized from Plaintiff's residence to September 17, 2013, and permitted the removal of one of the three marijuana plants seized from Plaintiff's residence in violation of Plaintiff's Fourth and Fourteenth Amendment rights. *Id.* at pp. 8–9. Similarly, Plaintiff contends that Officer Davenport backdated the firearms seized to reflect a date of September 17, 2013, in violation of Plaintiff's Fourth and Fourteenth Amendment rights. *Id.* at 8. Finally, Plaintiff claims that Judge Perry backdated the search warrant prior to signing it in violation of Plaintiff's Fourth and Fourteenth Amendment rights. *Id.* at pp. 8–9.

As discussed above, the "standard for granting leave to supplement under Rule 15(d) is the same as the standard governing leave to amend under Rule 15(a)(2)." *Martinez,* 2017 WL 939009, at *2 (citing *Spies*, 48 F. App'x at 527). A motion to supplement should be denied if the amendment/supplement would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile "if the amended complaint would not withstand a motion to dismiss for failure to state a claim." *Doe v. Mich. State Univ.*, 989 F.3d 418, 427 (6th Cir. 2021).

Defendants argue that the amendment would be futile because the new claims are barred by the statute of limitations. [R. 147] The Court agrees.

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wilson v. Garcia*, 471 U.S. 261, 275–80 (1985). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KRS § 413.140(1)(a). *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "Although state law establishes the statute of limitations for § 1983 actions,

federal law controls on the issue of when the statute of limitations begins to run." *Elkins v. Kentucky State Police*, No. 3:08CV-P157-S, 2008 WL 2597554, at *2 (W.D. Ky. June 26, 2008) (citing *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)). Federal law "establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint." *Elkins*, 2008 WL 2597554, at *2 (citing *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001)).

Here, with respect to all claims against Sergeant Boeckman, Officer Marcum, and Officer Davenport, the search of the Plaintiff's home and related seizure of evidence occurred on September 18, 2013. Thus, the statute of limitations ran one year later on September 18, 2014. With respect to Plaintiff's allegations against Judge Perry, the alleged constitutional violation occurred on or before September 19, 2013, and, the statute of limitations ran one year later on September 19, 2014. Accordingly, the claims against these Defendants were filed after the expiration of the statute of limitations.

Furthermore, the claims do not relate back to Plaintiff's original Complaint under Rule 15 of the Federal Rules of Civil Procedure. Rule 15 provides:

> **(c) Relation Back of Amendments.**
> **(1) *When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:
>> **(A)** the law that provides the applicable statute of limitations allows relation back;
>> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>>> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15. Plaintiff's proposed Supplemental Complaint changes the party against whom a claim is asserted. Fed. R. Civ. P. 15(c)(1)(C). To meet the requirements of Rule 15(c)(1)(C), Plaintiff's

> amended complaint must meet four requirements: (1) satisfy Rule 15(c)(1)(B)'s requirement that the amendment "arose out of the conduct, transaction, or occurrence," set out in the original complaint, (2) be within the period provided by Rule 4(m) for serving the summons and complaint, (3) the newly named Defendant Officers must have "received such notice of the action that [they] will not be prejudiced in defending on the merits," and (4) the newly named Defendant Officers must have "knew or should have known that the action would have been brought against [them], but for a mistake concerning the proper party's identity."

*Patton v. Louisville Jefferson County Metro Gov't*, No. 3:18-CV-00346-RGJ, 2021 WL 741780, at *4–5 (W.D. Ky. Feb. 25, 2021).

Plaintiff failed to satisfy the requirements of Rule 15(c)(1)(C). "The rule permits correction of misnomers but not the addition of new parties after the statute of limitations has expired." *Home Quarters Real Est. Grp., LLC v. Michigan Data Exch., Inc.*, No. 2:07-CV-12090, 2010 WL 11545057, at *2 (E.D. Mich. June 28, 2010). "[A]n amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *Asher v. Unarco Materials Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010). Here, adding new defendants does not constitute a case of mistaken identity under Rule 15(c)(1)(C). Because Plaintiff's amendment to name these individual defendants does not relate back to the filing of the original Complaint, the claims against those defendants are time-barred. As such, it would be futile to permit Plaintiff to file his Supplemental Complaint, and the Court will deny Plaintiff's motion.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion to Supplement Original Complaint by Plaintiff Michael Ray DeSpain [R. 146] is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Strike Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion to Supplement Complaint by Defendants [R. 168] is **DENIED**.

This the 19th day of August, 2021.

*[Signature]*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
counsel of record